657 S.E.2d 754

**In the Matter of Horry County Magistrate Monte L. HARRELSON, Respondent.**

No. 26433.

Supreme Court of South Carolina.

Submitted Jan. 22, 2008.

Decided Feb. 11, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Deborah S. McKeown, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Gregory Scott Bellamy, of Hearn, Brittain & Martin, PA, of Conway, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of either an admonition or a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a public reprimand. The facts as set forth in the agreement are as follows.

## *FACTS*

Respondent has been employed as a magistrate in Horry County since June 1993. From approximately August 2006 until January 2007, respondent engaged in a consensual sexual relationship with an Administrative Assistant employed with the Horry County Central Traffic Court. Respondent is currently unmarried and was unmarried during his intimate relationship with the Administrative Assistant. The Adminis-

trative Assistant was married and residing with her husband during her intimate relationship with respondent.

All sexual encounters between respondent and the Administrative Assistant took place outside of work hours and away from work locations. On occasion while respondent was personally involved with the Administrative Assistant, he provided her with gifts and financial assistance.

In Horry County, the Chief Magistrate hires all administrative staff for the Central Traffic Court. The magistrates rotate in and out of Central Traffic Court along with the administrative staff assigned to work in the courtroom for Central Traffic Court. The magistrates do not know what staff will be assigned to traffic court during the weeks they preside over traffic court. Additionally, the magistrates have no hiring, firing, or disciplinary authority over the Central Traffic Court employees. Although the Administrative Assistant involved was not assigned to work with respondent on a regular basis, administrative assistants are randomly assigned to work in the courtroom with magistrates during traffic court sessions and, during those sessions, there is a supervisory relationship between the magistrate and administrative assistant.

When confronted by her husband in January 2007, the Administrative Assistant admitted she had an extra-marital affair with respondent. The husband reported the matter to the Horry County Chief Magistrate. When the Chief Magistrate was notified of the affair, he immediately took steps to re-assign respondent so that the Administrative Assistant would not work directly for him. The Horry County Government Human Resources Department conducted an investigation into the matter and, no finding of sexual harassment was made as a result of that investigation.

Respondent admits that, on two occasions approximately five years ago, he engaged in sexual encounters with another Central Traffic Court employee while that employee was separated from her husband. That employee no longer works in Central Traffic Court.

## *LAW*

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule

501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge shall personally observe high standards of conduct); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity of the judiciary); and Canon 4A2 (judge shall conduct extra-judicial activities so that they do not demean the judicial office). Respondent further admits that his misconduct constitutes grounds for discipline under the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. *See* Rule 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for discipline for judge to violate Oath of Office), RJDE, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.